1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    WILBUR ATCHERLEY,                          No.  2:22-cv-0532 KJN P

12                 Plaintiff,

13         v.

14    CALIFORNIA DEPARTMENT OF                    ORDER
      CORRECTIONS, et al.,
15
                     Defendants.
16

17         Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff seeks relief pursuant to

18    42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19    This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

20         Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

21    Accordingly, the request to proceed in forma pauperis is granted.

22         Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23    §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in

24    accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25    the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26    forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

27    payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

28    account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court

1   each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28

2   U.S.C. § 1915(b)(2).

3          As set forth below, plaintiff is granted leave to file an amended complaint as to his state

4   law claims, or he may elect to proceed on his federal claims against defendants.

5   Screening Standards

6          The court is required to screen complaints brought by prisoners seeking relief against a

7   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

8   court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally

9   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

10  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

11         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

13  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

14  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

18  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

19  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

20  1227.

21         Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

22  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

23  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

24  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

25  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

26  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

27  sufficient "to raise a right to relief above the speculative level."  Id.  However, "[s]pecific facts

28  are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . .

1 . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007)

2 (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).

3 In reviewing a complaint under this standard, the court must accept as true the allegations of the

4 complaint in question, id., and construe the pleading in the light most favorable to the plaintiff.

5 Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468

6 U.S. 183 (1984).

7 Plaintiff's Complaint

8     Plaintiff alleges he has California Department of Corrections and Rehabilitation

9 ("CDCR") accommodations for his mobility disabilities, including lower bunk, lower tier, and

10 "no stairs," and was approved for special transportation via an Americans with Disabilities Act

11 ("ADA") van with a wheelchair lift.  (ECF No. 1 at 15.)  Despite such protections, on four

12 separate occasions, correctional officers B. Cook, R. Garcia-Dominguez, R. Temelo, M. Barajas,

13 J. Dwelle, J. Pineda, and Martinez, refused to provide plaintiff with ADA van transports to or

14 from the outside hospital for medical treatment, and required plaintiff to exit his wheelchair and

15 mount the steps into the van.  As a result, plaintiff sustained serious internal injuries to his knees,

16 resulting in the loss of blood, extreme pain, and the ultimate removal of his right knee.  (ECF No.

17 1 at 14:15.)  Plaintiff names these seven correctional officers as defendants in their personal

18 capacities, and claims they were deliberately indifferent to his serious medical needs in violation

19 of the Eighth Amendment and were negligent under state law.  Plaintiff seeks declaratory relief

20 and monetary damages.

21     Plaintiff also names these seven correctional officers and the California Department of

22 Corrections and Rehabilitation ("CDCR") and the California Health Care Facility ("CHCF") in

23 their official capacities, alleging such defendants violated plaintiff's rights under the ADA and

24 the Rehabilitation Act.

25 Discussion

26     Plaintiff plausibly alleges potential violations of his Eighth Amendment rights by

27 defendants B. Cook, R. Garcia-Dominguez, R. Temelo, M. Barajas, J. Dwelle, J. Pineda, and

28 Martinez.

However, plaintiff fails to plead compliance with the claims presentation requirement for his negligence claims under state law against defendants B. Cook, R. Garcia-Dominguez, R. Temelo, M. Barajas, J. Dwelle, J. Pineda, and Martinez.  A claimant must present a tort claim against a public entity or its employees to the California Department of General Services no more than six months after the cause of action accrues.  Cal. Gov't Code § 911.2.  A claimant may not file suit against the entity or its employees until the claimant has presented a claim and the entity has either acted on the claim or is deemed to have rejected it.  Cal. Gov't Code § 945.4; State of California v. Superior Court ("Bodde"), 90 P.3d 116, 119 (Cal. 2004) ("Under [the Government Claims Act], failure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity.").  Compliance with the claims presentation requirement is an element of the cause of action that a plaintiff must plead.  Bodde, 90 P.3d at 122.  Failure to allege facts demonstrating or excusing compliance subjects a complaint to dismissal for failure to state a claim.  Id.  This pleading requirement applies in federal court.  See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988) ("The amended complaint fails to allege compliance with California tort claim procedures.  The district court properly dismissed the state law tort claims.").  Plaintiff's verified complaint does not allege that he submitted a timely claim pursuant to the Government Claims Act.  Therefore, his state law claims fail.

Finally, plaintiff alleges violations of his rights under the ADA and Rehabilitation Act ("RA"),[1] naming the same seven correctional officers in their official capacities, and also naming

---

[1]  Both the ADA and the RA apply in the prison context.  See Armstrong v. Schwarzenegger, 622 F.3d 1058, 1063 (9th Cir. 2010).  Pursuant to the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  Pursuant to the RA, "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  29 U.S.C. § 794(a).  A prison inmate states a colorable claim under both the ADA and the RA if he alleges that he was "improperly excluded from participation in, and denied the benefits of, a prison service, program, or activity on the basis of his physical handicap."  Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997).

1    as defendants the CDCR and California Health Care Facility ("CHCF") in their official

2    capacities.  Plaintiff's allegations plausibly suggest that he was "denied the benefits of [ ] a prison

3    service" -- safe transportation -- "on the basis of his physical handicap."  Armstrong v. Wilson,

4    124 F.3d at 1023; see also Lewis v. Gipson, 2020 WL 11232596, at *3 (E.D. Cal. Sept. 4, 2020)

5    (holding that plaintiff stated ADA and RA claims based on allegations that "he was denied safe

6    travel because he is wheelchair bound and the prison lacked a van that could safely accommodate

7    a wheelchair").

8         The court reviewed plaintiff's complaint and, for the limited purposes of § 1915A

9    screening, states potentially cognizable civil rights claims against defendants B. Cook, R. Garcia-

10   Dominguez, R. Temelo, M. Barajas, J. Dwelle, J. Pineda, Martinez, CDCR and CHCF for

11   violation of plaintiff's Eighth Amendment rights and his rights under the ADA/RA.

12        Because plaintiff failed to plead compliance with the Government Claims Act, plaintiff's

13   state law claims fail.  If plaintiff chooses to file an amended complaint in an effort to allege

14   cognizable state law claims, he should attach a copy of the claims he submitted to the Department

15   of General Services and the rejection letter he received back, or otherwise provide more

16   information demonstrating that he met the requirements of the Government Claims Act.

17        Plaintiff may proceed forthwith to serve defendants and pursue his Eighth Amendment

18   and ADA/RA claims against defendants against defendants B. Cook, R. Garcia-Dominguez, R.

19   Temelo, M. Barajas, J. Dwelle, J. Pineda, Martinez, CDCR and CHCF, or he may delay serving

20   any defendant and attempt to allege cognizable state law claims.

21   ////

22       "The proper defendant for a claim under Title II of the ADA and § 504 of the RA is the public
23   entity responsible for the alleged discrimination."  Peace v. 850 Bryant St., 2019 WL 5423473, at
     *3 (N.D. Cal. Oct. 23, 2019).  "Alternatively, a plaintiff may name an individual defendant in his
24   or her official capacity because suing an individual in his or her official capacity is treated the
     same as suing the entity itself."  Cox v. Narkiewicz, 2019 WL 11753650, at *7 (W.D. Wash. Oct.
25   31, 2019) (citing Kentucky v. Graham, 473 U.S. 159, 166 (1985)); see also Becker v. Oregon,
     170 F. Supp. 2d 1061, 1066 (D. Or. 2001) (noting that "individual defendants" "may be sued in
26   their official capacities [under Title II of the ADA] because suing an individual in his official
     capacity is treated the same as suing the entity itself").  The ADA and the RA do not, however,
27   "authorize claims against State officials in their individual capacities."  Hayes v. Voong, 709 F.
28   App'x 494, 495 (9th Cir. 2018).

If plaintiff elects to attempt to amend his complaint to allege cognizable state law claims, he has thirty days so to do.  He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendants B. Cook, R. Garcia-Dominguez, R. Temelo, M. Barajas, J. Dwelle, J. Pineda, Martinez, the CDCR and CHCF, against whom he stated potentially cognizable Eighth Amendment and ADA/RA claims for relief, then within thirty days he must return the appended Notice of Election form so indicating.  In this event the court will construe plaintiff's election as consent to dismissal of plaintiff's state law claims against the seven individual defendants without prejudice.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights.  The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant.  The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

6

1   opportunity to cure them.  See Lopez, 203 F.3d at 1130-31.  While detailed factual allegations are

2   not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

3   conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

4   Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual

5   matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft, 556

6   U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

12   Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions

13   can provide the framework of a complaint, they must be supported by factual allegations, and are

14   not entitled to the assumption of truth.  Id. at 1950.

15   An amended complaint must be complete in itself without reference to any prior pleading.

16   Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015)

17   ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-

18   existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original

19   pleading is superseded.

20   Accordingly, IT IS HEREBY ORDERED that:

21   1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

22   2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

23   is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

24   § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

25   Director of the California Department of Corrections and Rehabilitation filed concurrently

26   herewith.

27   3.  Plaintiff's state law claims against defendants B. Cook, R. Garcia-Dominguez, R.

28   Temelo, M. Barajas, J. Dwelle, J. Pineda, and Martinez are dismissed with leave to amend.

1    Within thirty days of service of this order, plaintiff may amend his complaint to attempt to allege

2    cognizable state law claims against these defendants.  Plaintiff is not required to amend his

3    complaint.

4          4.  The allegations in the pleading are sufficient to state cognizable Eighth Amendment

5    and ADA/RA claims against defendants B. Cook, R. Garcia-Dominguez, R. Temelo, M. Barajas,

6    J. Dwelle, J. Pineda, and Martinez, the CDCR, and CHCF.  See 28 U.S.C. § 1915A.  If plaintiff

7    elects to proceed solely as to those claims, plaintiff shall so indicate on the attached form and

8    return it to the court within thirty days from the date of this order.  In this event, the court will

9    construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective

10    state law claims without prejudice.

11          5.  Failure to comply with this order will result in a recommendation that the state law

12    claims be dismissed without prejudice, and this action will proceed on plaintiff's Eighth

13    Amendment and ADA/RA claims.

14    Dated:  August 24, 2022

15

16

17    /atch0532.14o

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WILBUR ATCHERLEY,                          No.  2:22-cv-0532 KJN P

12              Plaintiff,

13        v.                                     NOTICE OF ELECTION

14   CALIFORNIA DEPARTMENT OF
     CORRECTIONS, et al.,
15
                Defendants.
16

17
          Plaintiff elects to proceed as follows:
18
                 _____      Plaintiff opts to proceed with his Eighth Amendment and ADA/RA claims
19                           against defendants B. Cook, R. Garcia-Dominguez, R. Temelo, M. Barajas,
                             J. Dwelle, J. Pineda, and Martinez, the CDCR, and CHCF.
20

21               _____      Plaintiff consents to dismissal of his state law claims against defendants B.
                             Cook, R. Garcia-Dominguez, R. Temelo, M. Barajas, J. Dwelle, J. Pineda,
22                           and Martinez without prejudice.

23        **OR**

24               _____       Plaintiff opts to file an amended complaint and delay service of process.

25   DATED:

26

27                                       _____
                                         Plaintiff
28

                                                9